The Honorable Johnny Key State Representative 1105 Delwood Lane Mountain Home, AR 72653-5601
Dear Representative Key:
I am writing in response to your request for my opinion on the following questions:
 1. When a rural fire department responds to a fire or other emergency involving the protection of life or property, who has the authority for control of the scene, the rural fire department official or a responding local or state police officer?
 2. If a rural fire department official authorizes a rescue operation using responding paramedics or rural fire department personnel, does a local or state police officer have the authority to prohibit the responding paramedics or rural fire department personnel from participating in the operation?
 3. In an emergency situation where a fire is not present but has the potential to occur and a rural fire official has directed the placement of hoses or other fire equipment as a precautionary measure, does a local or state police officer have the authority to order that these hoses or other fire equipment be relocated or removed?
 4. Do local or state police officers have the authority to arrest rural fire department or other emergency personnel if, in the course of performing their duties in an emergency situation involving the protection of life or property, those personnel refuse to obey a command from the police officer that the rural fire official deems to be detrimental to the operation?
You indicate that your request "deals with Arkansas Fire Prevention code as promulgated by the Arkansas State Fire Marshal under the authority granted by Act 254 if 1955 (ACA 12-13-101 through 106) and all other applicable state laws."
RESPONSE
I will refrain from answering your specific questions in turn because the Arkansas Code contains no provisions that would allow me to provide specific answers. However, I am enclosing for your information Ark. Ops. Att'y Gen. Nos. 90-183 and 88-212, which address questions very similar to the ones you have posed. As stated in these opinions, the Code does not specify any chain of command between or among various agencies in situations of the sort you have described. Rather, the law contemplates that the various agencies will cooperate in handling emergency situations by deferring to each other in matters that involve their respective areas of expertise.
I can and will opine that, given the assumptions set forth in your request, the answer to your second and fourth questions is "no." In ExParte Simpson, 281 Ark. 458, 664 S.W.2d 872 (1984), the Arkansas Supreme Court held that since sheriffs and city police have overlapping investigative authority, neither could lawfully exclude the other from an investigation. Extrapolating from this ruling, I believe it would be impermissible for a law enforcement officer having jurisdiction over a particular scene to impede or to arrest a firefighter lawfully present at the same scene simply because the firefighter insisted on performing what he reasonably assumed to be his duties. Again, under such circumstances I believe each professional should defer to the other's expertise.
Since you specifically mention the Fire Prevention Act, A.C.A. §12-13-101 through -116 (Repl. 1999), I will note that I consider this legislation irrelevant to the situations described in your request. As its name suggests, the Fire Prevention Act deals with the prevention and investigation of fires through the Department of Arkansas State Police and the State Fire Marshal Enforcement Section. See A.C.A. §§ 12-13-104
and -105. The Act provides no guidance regarding the relative authority of police officers and firefighters on a scene where both are lawfully present. The Code's silence on this issue likely reflects the fact that the law can do no more than rely on the professionalism of those involved to avoid or to minimize conflicting priorities in any particular situation.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh